UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOE ARROYO, individually and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>  v.<br><br>TP-LINK USA CORPORATION, et al.,<br><br>  Defendants. | Case No. 5:14-cv-04999-EJD<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER**<br><br>Re: Dkt. No. 50 |

In this putative class action initiated by Plaintiff Joe Arroyo ("Plaintiff"), presently before the Court is Defendant TP-Link USA Corporation ("TP-Link USA") and TP-Link Technologies Co., Ltd.'s ("TP-Link Tech") (collectively "Defendants") Motion to Transfer the case to the United States District Court for the Central District of California. See Docket Item No. 50. Plaintiff has filed written opposition to the motion.

Federal jurisdiction arises pursuant to 28 U.S.C. § 1332. The Court finds this matter suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b). The hearing scheduled for February 18, 2016 is therefore VACATED. Having carefully considered the pleadings filed by the parties, the Court finds, concludes and orders as follows:

1.  Pursuant to 28 U.S.C. 1404(a), "a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented" if such a transfer is convenient to the parties and witnesses. The purpose of § 1404(a) is to "prevent the waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." Van Dusen v. Barrack, 376 U.S. 612, 616 (1964).

2. To determine whether transfer is appropriate, the court first examines whether the action could have been brought in the district to which transfer is sought. See Hatch v. Reliance Ins. Co., 758 F.2d 409, 414 (9th Cir. 1985) ("In determining whether an action might have been brought in a district, the court looks to whether the action initially could have been commenced in that district." (internal quotation marks and citations omitted)). If the proposed district is a viable one, the court then goes through an "individualized, case-by-case consideration of convenience and fairness." Van Dusen, 376 U.S. at 622.

3. In addition to the convenience considerations enumerated by § 1404(a), the Ninth Circuit has identified other fairness factors that should be weighed by the court when considering a transfer: "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof." Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000).

4. "No single factor is dispositive, and a district court has broad discretion to adjudicate motions for transfer on a case-by-case basis." Ctr. for Biological Diversity v. Kempthorne, No. 08-1339, 2008 U.S. Dist. LEXIS 84978, at *8, 2008 WL 4543043 (N.D. Cal. Oct. 10, 2008) (citing Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988); Sparling v. Hoffman Constr. Co., Inc., 864 F.2d 635, 639 (9th Cir. 1988)). A transfer may not be appropriate under § 1404(a) if it "would merely shift rather than eliminate the inconvenience." Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986). The party moving for transfer of a case bears the burden of demonstrating transfer is appropriate. See Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 279 (9th Cir. 1979)), opinion modified, 828 F.2d 1445 (9th Cir. 1987).

5. A civil action may be brought in "a judicial district in which any defendant resides"

2

Case No.: 5:14-cv-04999-EJD
ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER

or "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(1), (2).  For venue purposes, a defendant corporation shall be deemed to reside "in any judicial district in which such defendant is subject to the court's personal jurisdiction," and if the defendant does not reside in the United States, the defendant "may be sued in any judicial district").  28 U.S.C. § 1391(c)(2), (c)(3).

6. As to whether this action could have been brought in the Central District of California, the Court observes that TP-Link USA - which has been a named defendant since the commencement of this action - is a California corporation with its principal place of business in San Dimas, a city located within the Central District.  First Amended Complaint ("FAC") ¶ 8, Dkt. No. 71.  The other current defendant, TP-Link Tech, is a corporation incorporated in the People's Republic of China with its principal place of business in Nanshan, Shenzhen, China.  Id. ¶ 9.  Additionally, Defendants demonstrated, and many of Plaintiff's allegations similarly indicate, that a majority of the relevant events in this case took place in the Central District.[1]  Thus, according to subsections (b) and (c) of § 1391, venue would be proper in the transferee district and Defendants have met their burden as to this threshold inquiry.[2]

7. Looking next to which forum is more convenient for the parties and relevant witnesses, it is apparent that the Central District is significantly more convenient for TP-Link USA, as well as a majority of Defendants' employees, corporate witnesses, and relevant third-

---

[1] For example, Plaintiff alleges that he purchased the PowerLine adapter at issue from a third-party website, Newegg.com, which is located in Los Angeles, CA.  See Def. Mot. to Transfer ("Mot."), Dkt. No. 50; FAC ¶ 55; Pl. Opp. to Mot. ("Opp.") at 8, Dkt. No 57.  Plaintiff also alleges that the purportedly misleading advertising was created by "TP-Link USA's sales and marketing department located in or around Los Angeles."  See Pl. Opp. to Def. Mot. to Dismiss ("MTD"), Dkt. No. 30.

[2] Notably, another entity located within the Northern District of California, namely TP-Link Research Institute USA Corporation ("TPRI"), was named as a defendant in the original version of the complaint.  Its location, however, is no moment to the venue analysis given the location of the other originally-named defendant, TP-Link USA, and the fact that a majority of relevant events occurred within the Central District of California.  Moreover, claims against TPRI were not reasserted in the FAC, thereby essentially dismissing it from this case.

3
Case No.: 5:14-cv-04999-EJD
ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER

party witnesses, most of whom are residents of that district.[3]  See Mot. at 4-5.  In contrast, Plaintiff is a resident of Florida and has alleged no facts suggesting that the Northern District is any more convenient for him than the Central District.  Instead, Plaintiff asserts a general contention that Defendants "do significant business with vendors and customers in [the Northern District]" and "have employees and physical facilities located here." Opp. at 2-3, 14.[4]  In addition, Plaintiff has recently requested the Court consider selected excerpts from the deposition testimony of Mr. Lewis Wu in support of his contention that "Defendant *did have* employees and operations located in [the Northern] District."  Pl. Motion for Leave to Supplement Opposition to TP-Link USA's Motion to Transfer ("Supp. Opp.") at 1, Dkt. No. 92 (emphasis in original).[5]  Mr. Wu's testimony identifies a handful of individuals employed by Defendants who work, or previously worked, in the Northern District.  See Ex. A to Supp. Opp.

While this evidence is suggestive of Defendants' contacts with the forum, it is unpersuasive as to the question of convenience.  Plaintiff's pleadings generally fail to indicate the way these individuals are relevant witnesses to the litigation or why they will be inconvenienced by a transfer.  In contrast, Defendants identify four entities that have already served with subpoenas and are likely to play a relevant role in the case, all of which are residents of – or located substantially closer to – the Central District.  See Mot. at 8-9; Def. Reply in Support of Mot. to Transfer ("Reply") at 7-8.[6]  In sum, Defendants have convincingly shown that the Central

---

[3] TP-Link Tech is located in China, therefore the relative difference in convenience between the Northern District and the Central District of California is presumably negligible for this Defendant.  See Opp. at 2.

[4] Defendants' Motion to Strike Paragraphs 3, 16 and 17 and Exhibit 3 to the Declaration of Alicia Hwang [Dkt. 57-1], filed in support of Plaintiff's Opposition to transfer, is hereby DENIED.

[5] Plaintiff's Motion for Leave to Supplement Opposition to TP-Link USA's Motion to Transfer Venue is hereby GRANTED.  The Court acknowledges and takes note of Exhibit A to Plaintiff's Motion and, to the extent the Court deems appropriate, has considered the information provided therein for the purposes of the instant motion.  Exhibit A is hereby entered and attached to Plaintiff's Opposition to TP-link USA's Motion to Transfer Venue, Docket Number 57.

[6] Plaintiff also makes the argument that, like TP-Link Tech in China, several non-parties reside outside of California entirely and will therefore be forced to travel regardless.  Opp. at 17.  While this may be true, it has no effect on the analysis.  The fact that some parties or witnesses will be

4

Case No.: 5:14-cv-04999-EJD
ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER

1   District would be a considerably more convenient forum for them and other potentially relevant
2   third-party witnesses, while the impact upon Plaintiff and out of state witnesses will be minimal or
3   unchanged.

4   8. As to the Jones fairness factors, the first and second factors are neutral, as there are
5   no negotiated agreements relevant to this action and both forums are equally familiar with the
6   governing law.

7   9. The third factor, Plaintiff's choice of this district, generally favors maintaining the
8   case here. But while this factor can sometimes be a weighty one under other circumstances, it is
9   afforded less deference when, as here, the action is brought as a class action on behalf of a
10  representative class. Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir. 1987); see also Sarinana v. DS
11  Waters of Am., Inc., No. C-13-0905 EMC, 2013 WL 3456687, at *2 (N.D. Cal. July 9, 2013)
12  (explaining that "the weight accorded to the plaintiff's choice [of venue] is decreased in cases
13  where the action is brought as a class action."). Moreover, "a plaintiff's choice is also given less
14  deference when the plaintiff resides outside of the chosen forum." Brown v. Abercrombie & Fitch
15  Co., No. 4:13–CV–05205 YGR, 2014 WL 715082, at *3 (N.D.Cal. Feb. 14, 2014); see also
16  Gemini Capital Grp., Inc. v. Yap Fishing Corp., 150 F.3d 1088, 1091 (9th Cir.1998) (holding that
17  the district court correctly afforded less deference to the plaintiff's choice of Hawaii as a forum
18  where no plaintiff was a resident of Hawaii). Accordingly, the Court finds that the Plaintiff's
19  choice of forum here weighs only slightly, if at all, against transfer in this case.

20  10. The remaining factors generally weigh in favor of transfer. The fourth and fifth
21  factors relate to the parties' contacts with the forum. Here, while Plaintiff has succeeded in
22  demonstrating that Defendants have some contact with the Northern District, Plaintiff's showing is
23  insufficient to outweigh Defendants' significantly greater contacts with the Central District.
24  Plaintiff on the other hand had minimal contact with either forum; Plaintiff is a Florida resident
25  who purchased Defendants' AV500 PowerLine adapter from an online retailer (NewEgg.com).

---

equally inconvenienced by either forum has no bearing on the § 1404 convenience considerations.

5

Case No.: 5:14-cv-04999-EJD
ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER

FAC ¶ 55. NewEgg.com is a resident of City of Industry, California, a suburb located in the Central District.

11.     The sixth, seventh, and eighth factors involve questions of efficiency: the relative cost differences between the forums, the ability to compel non-party witnesses, and the ease of access to evidence. Defendants again demonstrate that litigation efficiency tends to favor the Central District. Plaintiff argues that a majority of relevant evidence is located in China and other places outside California, but fails to make any showing that relevant evidence is likely to be found here. On the other hand, Defendants allege specific facts indicating that third-party witnesses such as NewEgg.com, as well as "documents related to product information, operations, importation, distribution, marketing or sales of the product-at-issue are located at or near TP-Link USA's San Dimas headquarters." Mot. at 4-5. Additionally, it seems few if any salient witnesses reside in this district, while a majority of employees and multiple potential third-party witnesses reside in the Central District. Thus, while Plaintiff's position on witnesses and evidence is largely neutral as to either forum, the facts alleged by Defendants favor transfer.

12.     Finally, Plaintiff argues that Defendants' motion is untimely and, after "almost a year of litigation," "[a] transfer at this late stage would not serve the interest of justice." Opp. at 10-11. The Court is unpersuaded by Plaintiff's claim that the instant motion is untimely and Defendants already "had countless opportunities" to move for transfer. See Opp. at 11-12. Indeed, the circumstances appear to be quite the opposite. Defendants' motion immediately followed, and is thus interpreted as a timely response to, the dismissal of the only party to this action with ties to the Northern District.[7] As Defendants aptly point out, because "TPRI is headquartered in the Northern District, TP-Link USA could not meaningfully seek transfer of this

---

[7] As previously indicated, the Court dismissed TPRI from the action on September 29, 2015, and granted Plaintiff leave to amend. Order Granting in Part and Denying in Part Motion to Dismiss ("Sep. Order") at 10, Dkt. No. 47. On October 16, 2015, rather than amending the Complaint with respect to TPRI, Plaintiff requested leave to add TP-Link Tech as a defendant on the grounds that it was "the more proper party-defendant." Dkt. No. 48. On October 21, 2015, and only after TPRI was decidedly no longer involved in this action, Defendants filed the present motion to transfer. See Dkt. No. 50.

6
Case No.: 5:14-cv-04999-EJD
ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER

1 action until TPRI was dismissed." Reply at 3.  Plaintiff's insinuation that Defendants should have
2 done so anyway is nonsensical.  See Opp. at 12, n. 9.  It would be both unreasonable and
3 inefficient to require defendants to make meritless transfer motions before the circumstances so
4 warrant.

5       As to the potential for further delay after a year's worth of litigation in this district, the
6 Court is also unpersuaded.  While many courts have looked to the time already spent litigating in
7 one district and deny transfer based on the likelihood that it would lead to delay,[8] this is not the
8 case here.  As Plaintiff's allegations make clear, discovery in this case is still very much ongoing.
9 See Opp. at 6-9; Supp. Opp. at 1.  Additionally, no summary judgement motions have been filed
10 and no trial date has been set.  The Court is therefore confident that transfer in this case will not
11 cause substantial delay.

12       On balance, the convenience and fairness considerations applicable to an analysis under
13 § 1404(a) weigh in favor of transferring this action to the Central District.  Accordingly,
14 Defendants' Motion to Transfer is GRANTED.  The Clerk shall TRANSFER this case to the
15 United States District Court for the Central District of California and close this court's file.
16       All other pending matters are TERMINATED and should be re-filed and re-noticed before
17 the newly assigned district judge.

19 **IT IS SO ORDERED.**

20 Dated: February 11, 2016

                                    EDWARD J. DAVILA
                                    United States District Judge

---

[8] See Moore v. Telfon Communications Corp., 589 F.2d 959, 968 (9th Cir.1978) (finding that the convenience of witnesses was outweighed by the consideration of pending litigation); Allen v. Scribner, 812 F.2d 426, 436-37 (9th Cir.) amended, 828 F.2d 1445 (9th Cir. 1987) (holding that because transfer "undoubtedly would have led to delay, the district court did not abuse its discretion in denying Allen's motion notwithstanding possible inconvenience to the witnesses.").

7
Case No.: 5:14-cv-04999-EJD
ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER