1  LEE TRAN & LIANG LLP
2  James M. Lee (SBN 192301)
    james.lee@ltlattorneys.com
3  Timothy S. Fox (SBN 280918)
4   timothy.fox@ltlattorneys.com
   601 S. Figueroa Street, Suite 3900
5  Los Angeles, CA 90017
6  Telephone: (213) 612-8900
7  Facsimile: (213) 612-3773

8  LEE TRAN & LIANG LLP
   Kevin M. Bringuel (SBN 196279)
9   kevin.bringuel@ltlattorneys.com
   Heather F. Auyang (SBN 191776)
10  heather.auyang@ltlattorneys.com
11 601 Gateway Boulevard, Suite 1010
   South San Francisco, CA 94080
12 Telephone: (650) 422-2130
13 Facsimile: (650) 241-2142

14 Attorneys for Defendant
   TP-LINK USA Corporation
15

16             UNITED STATES DISTRICT COURT

17             CENTRAL DISTRICT OF CALIFORNIA

18                    WESTERN DIVISION

19
   JOE ARROYO, individually and on        CASE NO.: 2:16-cv-01044-PA-KKx
20 behalf of all others similarly situated,

21                                          **TP-LINK USA CORPORATION'S**
                    Plaintiff,              **OBJECTION TO APPLICATION**
22                                          **OF ARI SCHARG TO APPEAR**
             v.                             ***PRO HAC VICE* [DKT. 119];**
23                                          **REQUEST FOR SANCTIONS [L.R.**
   TP-LINK USA CORPORATION, a               **83-7]**
24 California corporation, and TP-LINK
   TECHNOLOGIES CO., LTD., a Chinese        [Filed concurrently with Declaration of
25 corporation,                             Timothy Fox]
26                  Defendants.
27
28

                                    OBJECTION TO *PRO HAC VICE* APPLICATION
                                    Case No. 2:16-cv-01044-PA-KKx

## I.  **Introduction**

TP-LINK USA Corporation ("TP-LINK USA") objects to the Application of Ari Scharg, a partner at Edelson PC ("Edelson"), to appear in this Court *pro hac vice*.  Dkt. 119.  Mr. Scharg and Edelson have attempted to make an end-run around the Local Rules governing *pro hac vice* applications in this Court and other California district courts and should be sanctioned to stop this behavior.

Mr. Scharg's Application for *pro hac vice* should be denied for at least three reasons.  First, Mr. Scharg has not associated with local counsel who resides in this District as required by the Local Rules.  Rather, for local counsel Mr. Scharg listed the name of Edelson's San Francisco based associate, Todd Logan, and the address of a "virtual office" at a Regus Business Center in Los Angeles.  Hence, Edelson fails to meet the requirements that it has local counsel who practices in and has a bona fide office in this District.

Second, both Mr. Scharg and his firm Edelson engage in systematic and regular business in California, which disqualifies him and any Edelson attorney from *pro hac vice* admission to this Court.  Edelson maintains an office in San Francisco and since 2009 has been involved in *at least 97 cases* in California, including *27 cases* in the Central District.  Since 2011, Mr. Scharg has been involved in *at least 17 cases* in California, including *10 cases* in the Central District.  Mr. Scharg was admitted *pro hac vice* to this District *in 9 of these 10 cases*.

Third, Mr. Scharg's *pro hac vice* Application failed to comply with this Court's order, is untimely, and should be denied on this basis alone.  Mr. Scharg's application is also inaccurate as it omitted that he was admitted *pro hac vice* in this District less than a month ago.

As shown by the numerous *pro hac vice* applications filed in this case and in this District, the attorneys at Edelson are well aware that they cannot meet the *pro hac vice* rules for this District and have attempted to deceive the Court in order to obtain admission.  The Court should deny Mr. Scharg's *pro hac vice* application

and impose sanctions against Mr. Scharg and Edelson for their ongoing and blatant disregard for the *pro hac vice* requirements of this and other districts.

## II.    <u>Legal Standard</u>

The Local Rules for the Central District of California ("Local Rules") govern who may appear before the Court *pro hac vice*.  Local Rule 83-2.1.3.1 provides that:

> An attorney who is not a member of the State Bar of California may apply for permission to appear pro hac vice in a particular case in this Court if the attorney:
>
>> (a) is a member in good standing of, and eligible to practice before, the bar of any United States Court, or of the highest court of any State, Territory, or Insular Possession of the United States;
>>
>> (b) is of good moral character;
>>
>> (c) has been retained to appear before this Court; and
>>
>> (d) is not disqualified under L.R. 83-2.1.3.2.

While Local Rule 83-2.1.3.2 disqualifies any attorney who:

> (a) resides in California;
>
> (b) is regularly employed in California; or
>
> (c) is regularly engaged in business, professional, or other similar activities in California.

Local counsel is also required for any attorney seeking to appear *pro hac vice* and must be an attorney who "(1) is a member of the Bar of this Court; and (2) maintains an office within the District."  L.R. 83-2.1.3.4.

Local Rule 83-7 permits sanctions for the violation of or failure to conform to any of these Local Rules and the Court may subject the offending party or counsel to:

> (a) monetary sanctions, if the Court finds that the conduct was willful, grossly negligent, or reckless;

1        [and/or]

2        (c) for any of the conduct specified in (a) . . . above, such

3        other sanctions as the Court may deem appropriate under the

4        circumstances.

5    **III.    Argument**

6        **a. Mr. Scharg Lacks Bona Fide Local Counsel**

7        Mr. Scharg lists as his local counsel for his *pro hac vice* application Todd

8    Logan with an office address located at 555 W. Fifth St. 31st Floor, Los Angeles,

9    CA 90013.  Dkt. 119.  However, the truth is that Mr. Logan is a first year associate

10   who works out of Edelson's San Francisco office.[1]  Mr. Logan does not operate out

11   of or maintain an office in the Central District of California.  To the contrary, the

12   address listed for Mr. Logan on Mr. Scharg's Application is actually a "Regus

13   Business Center" in which Edelson apparently maintains a "virtual office" for the

14   purpose of procuring deceptive *pro hac vice* admissions.[2]

15       To confirm this, the Court need look no further than Edelson's prior *pro hac*

16   *vice* conduct with this Court.  On February 16, 2016, following the transfer of this

17   case, the Court ordered the four Edelson attorneys previously admitted *pro hac*

18   *vice* in the Northern District to file *pro hac vice* applications within 30 days.[3]  Dkts.

19   97, 98, 99, 100.  On March 15, 2016, only one of these four attorneys, Alexander

20

21   [1] The State Bar of California reports Mr. Logan as working out of Edelson's San

22   Francisco office.  http://members.calbar.ca.gov/fal/Member/Detail/305912 (attached to
     Declaration of Timothy Fox as Exhibit D).  While Mr. Logan's firm profile confirms the

23   same.  http://www.edelson.com/team/todd-logan/ (attached to Declaration of Timothy
     Fox as Exhibit E).  In fact, Edelson's most recent filing with this Court—Notice of Non-

24   Opposition to a Motion to Dismiss—lists Mr. Logan's address as Edelson's San

25   Francisco office.  Dkt. 120 at pg. 2 (signature block for Mr. Logan).

26   [2]    http://www.regus.com/us/business-center/california/los-angeles/gas-company-tower

27   (attached to Declaration of Timothy Fox as Exhibit F).

28   [3] A review of the Northern District *pro hac vice* rules draws similar concerns about the
     numerous *pro hac vice* applications filed by Edelson attorneys in that District.

Nguyen, filed a *pro hac vice* application.[4]   Dkt. 114.  Like Mr. Scharg, Mr. Nguyen listed Todd Logan as local counsel in his application.  *Id.*  However, Mr. Nguyen listed Mr. Logan's actual office—San Francisco—on his application.   *Id.* Accordingly, the Clerk struck Mr. Nguyen's application as his local counsel did not reside in the Central District, and ordered Mr. Nguyen to correct the deficiencies by March 23.  Dkts. 116, 118.

Presumably realizing that the Clerk would compare any revised application of Mr. Nguyen with his prior application that was struck, Edelson has not filed a new *pro hac vice* application for Mr. Nguyen, but instead decided to try again with another Edelson partner, Mr. Scharg in the apparent hope the Clerk would not realize that Mr. Logan had miraculously relocated 400 miles and opened his own office in less than three days.  Dkt. 119.

Even assuming that Mr. Logan did actually move 400 miles to Los Angeles, a "virtual office" at the Regus Business Center is not sufficient to qualify as local counsel.  "[A] bona fide office is more than a mere address-it is a functioning office. [Citation]. Mere rented office space lacks any of the indicia of office location, including where clients are met, where files are kept, where telephones are answered, where mail is received, and where counsel can be reached during business hours. [Citation]."  *Moreno v. Autozone, Inc.*, No. 05-cv-04432-MJL, 2007 WL 4287517, *11 (N.D. Cal. 2007) (citations omitted).  Indeed, Edelson's website does not list an office in Los Angeles, but only offices in Chicago and San Francisco, which further bolsters that the Los Angeles "virtual office" is not a bona fide Edelson office.  Fox Decl., Exh. G.

Notably, this is not the first time that Edelson has engaged in deceptive conduct in order to procure admission to the Central District.  Only last month, Edelson used the exact same tactic of claiming Mr. Logan operated out of the

---

[4]  This lack of compliance is especially galling as the Court warned each of the attorneys that failure to comply within 30 days would subject the attorneys to sanctions.  Dkt. Nos. 97-100.

1  "virtual office" at the Regus Business Center to obtain *pro hac vice* admission for

2  Mr. Scharg.  *See Tyacke v. First Tennessee Bank, N.A.*, No. 5:16-cv-00228-JGB,

3  Dkts. 10, 11 (attached to the Declaration of Timothy Fox as Exhibit A).

4      **b. Mr. Scharg and Edelson PC Regularly Engage In Business in**

5      **California**

6      Mr. Scharg's Application should also be denied for the independent reason

7  that he and Edelson regularly engage in business in California in at least three

8  ways.  <u>First</u>, Mr. Scharg is a partner at a law firm that maintains and operates an

9  office based in San Francisco, California.[5]  Where an attorney is a partner in a firm

10 with an office in California, this constitutes being "regularly employed" or

11 "engaged in business" in California.  *See Taylor v. Chaing*, No. 01-cv-2407-JAM,

12 2009 WL 453050, *6 (E.D. Cal. Feb. 23, 2009) report and recommendation

13 adopted sub nom, *Taylor v. Chiang*, No. 01-cv-2407-JAM, 2009 WL 1119390

14 (E.D. Cal. Apr. 24, 2009) *aff'd sub nom. Taylor v. John Chiang*, 405 F. App'x 167

15 (9th Cir. 2010).

16     <u>Second</u>, Mr. Scharg's firm, Edelson, has been involved in ***at least 97 cases***

17 in district courts in California since 2009.[6]  Declaration of Timothy Fox ("Fox

18 Decl"), ¶ 3, Exh. B.  This is sufficient to constitute regularly engaged in business in

19 California.

20     <u>Third</u>, an attorney is considered to be regularly engaged in business in

21 California if he has appeared *pro hac vice* in the state multiple times.  *Mendoza v.*

22 *Golden W. Sav. Ass'n Services Co.*, No. 09-cv-1200-GAF, 2009 WL 2050486 (C.D.

23 Cal. July 7, 2009) (regular practice disqualifies counsel from *pro hac vice*

24 admission).  Courts have held that regular practice can consist of as few as two

25 [5] See http://www.edelson.com/contact/ listing two offices in San Francisco and Chicago

26 (attached to the Declaration of Timothy Fox as Exhibit G).

27 [6] This number is likely higher as it does not include any California state court cases and

28 was calculated based only on a search for cases involving a few current partners at
   Edelson.  Fox Decl., ¶ 3.

1  cases within four months[7], three cases in the last three years[8], four cases over the

2  last four years[9], and five cases in three years[10].

3          Here, since 2011 Mr. Scharg has appeared ***in at least 10 cases*** in this District

4  (excluding this action) and obtained *pro hac vice* admissions in 9 of these 10 cases,

5  including obtaining *pro hac vice* admission before Judge Bernal as recently as

6  February 2016.  Fox Decl., ¶¶ 2-3, Exhs. A, B.  When the search is broadened to

7  include all districts in this state, Mr. Scharg has appeared in or filed *pro hac vice*

8  applications ***in at least 17 cases*** since 2009, with another *pro hac vice* application

9  granted just last month in the Northern District.  Fox Decl., ¶¶ 3-4, Exhs. B, C.

10 Notably in this recently filed Northern District application, Mr. Scharg again lists

11 Mr. Logan as his local counsel, but Mr. Logan's address is Edelson's office in San

12 Francisco.  Fox Decl., Exh. C.

13          **c.  Mr. Scharg's Application is Untimely Per This Court's Order and**

14              **is Inaccurate**

15          On February 16, 2016, the Court ordered Mr. Scharg to file a *pro hac vice*

16 application by March 17, 2016 or be subject to sanctions.  Dkt. 99.  Mr. Scharg did

17 not file his application until March 18, 2016.  Dkt. 119.  Mr. Scharg's untimely

18 Application should be denied on this basis alone.

19          Moreover, the Application filed by Mr. Scharg was inaccurate.  Mr. Scharg

20 omitted from his Application that he has sought and obtained *pro hac vice*

21

22 [7] *Dupont Realty Corp. v. Evonik Degussa Corp.*, No. 09-cv-1896-SLT, 2009 WL

23 1708757 (E.D.N.Y. June 17, 2009).

24 [8] *Spirit Locker, Inc. v. Evo Direct, LLC*, No. 09-cv-1582-JG, 2009 WL 1449062

25 (E.D.N.Y. May 22, 2009).

26 [9] *Pangborn v. Metlife, Inc.*, No. 09-cv-0976-DGT, 2009 WL 1617679 (E.D.N.Y. June 9,

27 2009).

28 [10] *Guguni v. Chertoff,* No. 08-cv-1850-JL, 2008 WL 2080788, *1 (N.D. Cal. May 14,
   2008)

1  admission in the Central District at least once in the past three years. *See Scott*

2  *Tyacke v. First Tennessee Bank N A*, No. 5:16-cv-00228-JGB, Dkt. 11 (attached to

3  the Declaration of Timothy Fox as Exhibit A).[11]

4      **d. Mr. Scharg and Edelson Should Be Sanctioned per L.R. 83-7 for**

5      **Knowingly Violating This Court's *Pro Hac Vice* Requirements**

6      Edelson attorneys have repeatedly flaunted this Court's and other district

7  courts' in this state *pro hac vice* requirements.  The Court is empowered to

8  sanction such conduct to deter it from occurring again.  Local Rule 83-7.  TP-

9  LINK USA requests that the Court award as monetary sanctions $2,600, the

10  amount TP-LINK USA incurred in researching and drafting this objection.  Fox

11  Decl., ¶ 9.

12      TP-LINK USA also requests that the Court order that Mr. Logan be the only

13  associate allowed to appear in this and any other action pending in this District and

14  that only Mr. Logan be allowed to perform substantive work, including hearings,

15  drafting all filings and correspondence, and specifically prohibiting any

16  ghostwriting or other assistance from attorneys not admitted in this state.  The

17  Court is empowered to enter such an order in order to prevent the unauthorized

18  practice of law in this state. *See Taylor*, 2009 WL 453050, at *3.

19  **IV.  <u>Conclusion</u>**

20      Based on the foregoing, TP-LINK USA objects to Ari Scharg's application for

21  approval to appear *pro hac vice*.  TP-LINK USA also asks the Court to sanction

22  Mr. Scharg and Edelson for their ongoing violation of the *pro hac vice*

23  requirements in this and other district courts.

24

25

26

27

28
_____
[11] Curiously, Mr. Scharg's signature on his application a month ago is markedly different from his signature on the *pro hac vice* application he filed in this case.  Compare Dkt. 119 with Fox Decl., Exh. A.

1

2   Dated: March 20, 2016                   Respectfully submitted,

3                                           **LEE TRAN & LIANG LLP**

4

5                                           By:   /s/ *Heather F. Auyang*

6                                                 James M. Lee
                                                  Kevin M. Bringuel
7                                                 Heather F. Auyang
                                                  Timothy S. Fox
8                                                 *Attorneys for Defendant*
                                                  *TP-LINK USA Corporation*
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OBJECTION TO *PRO HAC VICE* APPLICATION