# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 16-1044 PA (KKx) | Date | March 24, 2016 |
|---|---|---|---|
| Title | Joe Arroyo v. TP-Link USA Corporation, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Stephen Montes Kerr | None | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     ORDER TO SHOW CAUSE

Before the Court is an Opposition to Application of Ari Scharg to Appear Pro Hac Vice (Docket No. 121) filed by defendant TP-Link USA Corporation ("Defendant"). The Opposition asserts that members of the Edelson P.C. ("Edelson") law firm have violated the Court's Local Rules and otherwise misled the Court in Mr. Scharg's pro hac vice application.

The Local Rules for the Central District of California govern who may appear before the Court pro hac vice. Local Rule 83-2.1.3.1 provides that:

> An attorney who is not a member of the State Bar of California may apply for permission to appear pro hac vice in a particular case in this Court if the attorney: (a) is a member in good standing of, and eligible to practice before, the bar of any United States Court, or of the highest court of any State, Territory, or Insular Possession of the United States; (b) is of good moral character; (c) has been retained to appear before this Court; and (d) is not disqualified under L.R. 83-2.1.3.2.

L.R. 83-2.1.3.1. An attorney is disqualified under L.R. 83-2.1.3.2 if he or she: "(a) resides in California; (b) is regularly employed in California; or (c) is regularly engaged in business, professional, or other similar activities in California." L.R. 83-2.1.3.2. Applicants seeking to appear pro hac vice must also designate local counsel pursuant to Local Rule 83-2.1.3.4, which provides:

> Every attorney seeking to appear pro hac vice must designate as Local Counsel an attorney with whom the Court and opposing counsel may readily communicate regarding the conduct of the case and upon whom documents may be served. An attorney may be designated as Local Counsel only if he or she: (1) is a member of the Bar of this court; and (2) maintains an office within the District.

L.R. 83-2.1.3.4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-1044 PA (KKx) | Date | March 24, 2016 |
|---|---|---|---|
| Title | Joe Arroyo v. TP-Link USA Corporation, et al. | | |

      On March 15, 2016, Alexander Nguyen filed an Application to Appear Pro Hac Vice (Docket No. 114.), which designated Todd Logan as his local counsel. The application identified 329 Bryant Street, San Fancisco, California 91407 as the location of Mr. Logan's office. However, Mr. Nguyen's application was ordered stricken because Mr. Logan's office address was not located within the Central District, as is required by the Court's Local Rules. (Docket No. 118.)

      Subsequently, on March 18, 2016, Ari J. Scharg filed an Application to Appear Pro Hac Vice (Docket No. 119), which also designated Mr. Logan as local counsel. In this application, Mr. Logan represented that his office was located at 555 West Fifth Street, 31st Floor, Los Angeles, California 90013. Additionally, Mr. Scharg declared, under penalty of perjury, that he had designated local counsel who "maintains an office in the Central District of California for the practice of law." Defendant's Opposition points out the inconsistency in the location of Mr. Logan's office, and asserts that the Los Angeles office is only a "virtual office" which does not comply with the Local Rule's requirements.

      Additionally, the Opposition notes that Mr. Scharg's Pro Hac Vice Application did not identify any cases in which he had applied for pro hac vice admission in the previous three years. However, it appears that Mr. Scharg has applied for pro hac vice admission before a Court in this district as recently as February 12, 2016, in Tyacke v. First Tennessee Bank, N.A., Case No. 16-CV-228-JGB (SPx). As in the present case, Mr. Scharg's Pro Hac Vice Application in Tyacke also designated Mr. Logan as local counsel, with an office at the same Los Angeles location.

      The Court therefore orders Plaintiff's counsel to show cause, in writing, no later than April 4, 2016, why they should not be sanctioned for abusing the pro hac vice application process. Plaintiff's response to this Order to Show Cause must include: (1) a declaration under penalty of perjury from Mr. Logan as to how many hours per week he physically spends in the Los Angeles office; how many Edelson employees, including other attorneys, are physically present at the Los Angeles office; and the city in which Mr. Logan maintains his permanent residence; whether he maintains a residence in Los Angeles and (2) a declaration from Mr. Scharg listing each of the times he has been admitted to practice before a California court pro hac vice. The Court warns that potential sanctions include the imposition of monetary sanctions, including Defendant's attorneys' fees incurred in bringing this matter before the Court, as well as the disqualification of any Edelson attorney from serving as either Plaintiff's individual counsel or as class counsel for the putative class.

      Defendant's reply, if any, is to be filed by April 8, 2016. In the event that the Court determines that awarding Defendant's attorneys' fees is an appropriate sanction, Defendant's response should include Defendant's billing records associated with bringing this matter before the Court.

      Neither filing is to exceed fifteen (15) pages. The Court sets a hearing for this matter on April 11, 2016, at 1:30 p.m.

      IT IS SO ORDERED.