UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 16-1044 PA (KKx) | Date | April 19, 2016 |
|---|---|---|---|
| Title | Joe Arroyo v. TP-Link USA Corporation, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes Kerr | None | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS – COURT ORDER

Before the Court is a Response to the Court's Order to Show Cause ("OSC"), filed partially under seal by counsel for plaintiff Joe Arroyo ("Plaintiff"). (Docket No. 140.) Defendant TP-Link USA Corporation ("TP-Link USA") has filed a Reply. (Docket No. 143.) Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for April 11, 2016, is vacated, and the matter taken off calendar.

**I.     Background**

This case was originally filed in the Northern District of California. There, Plaintiff was represented by five lawyers from the Edelson P.C. law firm ("Edelson"). Four out-of-state Edelson attorneys—two of which were Alexander T.H. Nguyen and Ari J. Scharg—applied and were admitted to appear pro hac vice before the court in the Northern District. On February 16, 2016, the case was transferred to the Central District of California, and assigned to this Court. (Docket No. 94.) Plaintiff's counsel were ordered to submit new pro hac vice applications within 30 days. (Docket Nos. 97-100.)

On March 15, 2016, Mr. Nguyen filed an Application to Appear Pro Hac Vice, designating Todd Logan, an Edelson associate, as his local counsel. (Docket No. 114.) The application identified 329 Bryant Street, San Francisco, California 91407 as the location of Mr. Logan's office. Mr. Nguyen's application was ordered stricken because his designated local counsel's office address was not located within the Central District, as is required by the Court's Local Rules. (Docket No. 118.)

Subsequently, on March 18, 2016, Mr. Scharg filed an Application to Appear Pro Hac Vice which also designated Mr. Logan as local counsel. (Docket No. 119.) In his application, Mr. Scharg declared, under penalty of perjury, that he had designated local counsel who "maintains an office in the Central District of California for the practice of law." However, in this application, Mr. Logan represented that his office was located at 555 West Fifth Street, 31st Floor, Los Angeles, California 90013. Additionally, Mr. Scharg's application was one day late under the Court's Order directing the filing of pro hac vice applications after the case was transferred to this District.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-1044 PA (KKx) | Date | April 19, 2016 |
|---|---|---|---|
| Title | Joe Arroyo v. TP-Link USA Corporation, et al. | | |

On March 20, 2016, TP-Link USA filed an Objection to Application of Ari Scharg to Appear Pro Hac Vice. (Docket No. 121.) Defendant's Objection identified a number of issues with Mr. Scharg's pro hac vice application, including: the change in Mr. Logan's office location; Edelson's use of a "virtual office" location, rather than a bona fide office within the Central District; the frequency with which Mr. Scharg is admitted to practice before California courts on a pro hac vice basis; Mr. Scharg's failure to disclose his pro hac vice application filed just one month earlier in Tyacke v. First Tennessee Bank, N.A., Case No. 16-CV-228-JGB (SPx)[1]; and that Mr. Scharg's application was untimely filed.

The Court issued an OSC, requiring Plaintiff's counsel to show cause why they should not be sanctioned for the omissions and misrepresentations contained in the pro hac vice applications. The Court also required a declaration from Mr. Logan and Mr. Scharg attesting to several salient facts raised in TP-Link USA's Objection. The Court's OSC warned that potential sanctions included "the imposition of monetary sanctions, including Defendant's attorneys' fees incurred in bringing this matter before the Court, as well as the disqualification of any Edelson attorney from serving as either Plaintiff's individual counsel or as class counsel for the putative class." (Docket No. 126.)

Edelson's Response and supporting declarations explain that Mr. Scharg's pro hac vice application had to be unexpectedly filed after a departure at the firm. (Declaration of Ari J. Scharg in Support of Response to Court's OSC ("Scharg Decl.") ¶ 9.) They claim that both the untimely filing of the pro hac vice application and the omission of Mr. Scharg's previous pro hac vice admission in Tyacke were inadvertent errors which were not meant to mislead or deceive the Court. (Id. ¶ 10.)

Other than Tyacke, Mr. Scharg has not applied for pro hac vice admission in the Central District of California in the past three years. (Id. ¶ 11.) Over the last six years, Mr. Scharg has been admitted to practice pro hac vice before California courts 28 times. (Id. Ex. 1.) Nine of those admissions were in the Central District. (Id.) However, in two of the nine admissions, Mr. Scharg had no substantive involvement in the case following the approval of his pro hac vice application. (Id. ¶ 12.)

As for the use of a virtual office, Edelson asserts that from January 2010 to January 2014, the firm maintained a virtual office in the Central District located at 30021 Tomas Street, Suite 300, Rancho Santa Margarita, California 92688. (Id. ¶ 18.) Since January 2014, Edelson has maintained a virtual office at 555 West Fifth Street, 31st Floor, Los Angeles, California 90013 (the "Los Angeles Virtual Office"). (Id. ¶ 17.) The Los Angeles Virtual Office is operated by Regus Business Center, a company which provides mail and call forwarding services, as well as office space to hold in-person meetings.[2]

---

[1] As in the present case, Mr. Scharg's pro hac vice application in Tyacke also designated Mr. Logan as local counsel, with an office at the same Los Angeles location.

[2] Regus Business Center essentially markets its virtual office services as a way for smaller businesses to mislead clients. Through the use of a virtual offices, small businesses can "[g]et a big business appearance" when they "need a professional address to impress [their] clients." See Regus, Virtual offices, http://www.regus.com/products/virtual-offices/index.aspx (last visited Apr. 19, 2016).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-1044 PA (KKx) | Date | April 19, 2016 |
|---|---|---|---|
| Title | Joe Arroyo v. TP-Link USA Corporation, et al. | | |

(Id. ¶ 17.)

Mr. Logan – the designated local counsel for both Mr. Nguyen and Mr. Scharg – currently lives in Chicago, but "practices out of" Edelson's offices located in San Francisco and Chicago. (Declaration of Attorney Todd Logan in Response to OSC ("Logan Decl.") ¶¶ 4-5.) Mr. Logan will not relocate to California until May 2016, at which point he intends to reside outside of the Central District, in San Francisco. (Id. ¶ 5.) Mr. Logan intends to remain with Edelson for the three months following his relocation to California, at which point he will leave the firm to begin a federal clerkship. (Id.) Neither Mr. Logan nor any other Edelson employee does any physical work out of the Los Angeles Virtual Office. (Id. ¶ 6.)

## II.     Local Rules

The Local Rules for the Central District of California govern who may appear before the Court pro hac vice. Specifically, the Local Rules provide that:

> An attorney who is not a member of the State Bar of California may apply for permission to appear pro hac vice in a particular case in this Court if the attorney: (a) is a member in good standing of, and eligible to practice before, the bar of any United States Court, or of the highest court of any State, Territory, or Insular Possession of the United States; (b) is of good moral character; (c) has been retained to appear before this Court; and (d) is not disqualified under L.R. 83-2.1.3.2.

L.R. 83-2.1.3.1. An attorney is disqualified under L.R. 83-2.1.3.2 if he or she: "(a) resides in California; (b) is regularly employed in California; or (c) is regularly engaged in business, professional, or other similar activities in California." L.R. 83-2.1.3.2. Applicants seeking to appear pro hac vice must also designate local counsel pursuant to Local Rule 83-2.1.3.4, which provides:

> Every attorney seeking to appear pro hac vice must designate as Local Counsel an attorney with whom the Court and opposing counsel may readily communicate regarding the conduct of the case and upon whom documents may be served. An attorney may be designated as Local Counsel only if he or she: (1) is a member of the Bar of this court; and (2) maintains an office within the District.

L.R. 83-2.1.3.4.

## III.    Discussion

The Court will first consider whether a "virtual office" can satisfy the Local Rules' requirement that a pro hac vice applicant's designated local counsel maintain an office within the Central District.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-1044 PA (KKx) | Date | April 19, 2016 |
|---|---|---|---|
| Title | Joe Arroyo v. TP-Link USA Corporation, et al. | | |

Because the Court concludes that virtual offices do not meet the Local Rules' requirements and Edelson's use of a virtual office rises to the level of bad faith, the Court will turn to the issue of an appropriate sanction.

    **A.    Virtual Offices**

Plaintiff's counsel contends that the Central District's Local Rules do not require local counsel to have a bona fide office within the Central District, and as such a virtual office located in the Central District fully satisfies the Local Rules' requirements. Plaintiff's counsel advances three arguments in support of this position: "TP-Link further accuses counsel of . . . violating some unwritten rule prohibiting local counsel from maintaining a virtual office, despite that (1) no such prohibition exists in this District, (2) the State Bar of California allows California attorneys to maintain such virtual space, and (3) this District has consistently permitted other local counsel to operate from the very same virtual office for years." (Response, 7.)

    **1.    The Use of a Virtual Office Violates the Local Rules**

The Local Rules provide that "[a]n attorney may be designated as Local Counsel only if he or she . . . maintains an office within the District." L.R. 83-2.1.3.4. Similarly, the pro hac vice application which Mr. Scharg filed requires the applicant to declare, under penalty of perjury, that their local counsel "maintains an office in the Central District of California for the practice of law." (Docket No. 119.)

Edelson places heavy emphasis on the Local Rule's unqualified text – only requiring "an office" within the District – to contend that a virtual office satisfies the plain text of the Local Rules. Edelson finds support for this proposition in the fact that other jurisdictions have an enumerated bona fide office requirement.[3] However, Edelson ignores the prefatory sentence to their quoted passage, which requires

---

[3] For example, Delaware Supreme Court Local Rule 12 specifies:

> As used in these rules, an 'office for the practice of law' means a bona fide office maintained in this State for the practice of law in which the attorney practices by being there a substantial and scheduled portion of time during ordinary business hours in the traditional work week. An attorney is deemed to be in an office even if temporarily absent from it if the duties of the law practice are actively conducted by the attorney from that office. An office must be a place where the attorney or a responsible person acting on the attorney's behalf can be reached in person or by telephone during normal business hours and which has the customary facilities for engaging in the practice of law. A bona fide office is more than a mail drop, a summer home which is unattended during a substantial portion of the year or an answering, telephone forwarding, secretarial or similar service.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-1044 PA (KKx) | Date | April 19, 2016 |
|---|---|---|---|
| Title | Joe Arroyo v. TP-Link USA Corporation, et al. | | |

local counsel "with whom the Court and opposing counsel may readily communicate regarding the conduct of the case and upon whom documents may be served." L.R. 83-2.1.3.4. Edelson has wholly failed to explain how a local counsel whose only presence in the Central District is through a virtual office is someone "upon whom documents may be served." Moreover, the pro hac vice application form requires the applicant to declare that the designated local counsel "maintains an office in the Central District of California for the practice of law." Yet Edelson readily admits that no Edelson attorney or staff operate from the Los Angeles Virtual Office. (Logan Decl. ¶ 6.) Thus it appears that the Los Angeles Virtual Office is not "maintain[ed] . . . for the practice of law" so much as it is maintained for the purpose of facilitating pro hac vice admission for Edelson attorneys.

As courts have explained, "'a bona fide office is more than a mere address-it is a functioning office.' Mere rented office space lacks any of the indicia of office location, including where clients are met, where files are kept, where telephones are answered, where mail is received, and where counsel can be reached during business hours." Moreno v. Autozone, Inc., No. C05-04432 MJJ, 2007 WL 4287517, at *11 (N.D. Cal. Dec. 6, 2007) (quoting Tolchin v. Supreme Court of New Jersey, 111 F.3d 1099, 1107 (3d. Cir. 1997) (internal citation omitted). The Central district's Local Rules are in accord with these principles, and a virtual office cannot, by definition, meet these requirements.

> **2.      The California State Bar Has Not Endorsed the Use of Virtual Office for Pro Hac Vice Applicant's Designated Local Counsel**

Edelson also relies on a California State Bar Standing Committee on Professional Responsibility and Conduct opinion which concludes that a virtual office does not violate the California's Business and Professions Code or the Rule of Professional Conduct. The opinion focuses primarily on the specialized ethical concerns associated with operating a virtual office, and advises attorneys of possible procedures which would ensure compliance with the attorney's ethical duties. See generally, California State Bar Standing Committee on Professional Responsibility and Conduct, Formal Opinion No. 2012-184 (2012). Nothing in the opinion even remotely addresses, much less endorses, the pertinent issue of whether a pro hac vice applicant can designate local counsel operating from a virtual office. If anything, the substance of the opinion—and perhaps even its mere existence— should have alerted Edelson that virtual law offices raise unique ethical concerns. Id. at 7. As such, Edelson's reliance on the opinion is wholly unavailing.

> **3.      The Central District Does Not Consistently Permit Local Counsel to Operate from Virtual Offices**

Finally, Edelson identifies twelve examples of courts from this District granting pro hac vice applications where local counsel provided an office address at the same location as the Los Angeles Virtual Office. (Scharg Decl. ¶ 19, Ex. 2.) Edelson also identifies twenty law firms which, based on a Google search, are allegedly associated with the Los Angeles Virtual Office. (Id. ¶ 20.) Based on these facts, Edelson contends that the Central District approves of local counsel operating from a virtual office.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-1044 PA (KKx) | Date | April 19, 2016 |
|---|---|---|---|
| Title | Joe Arroyo v. TP-Link USA Corporation, et al. | | |

As an initial matter, Edelson's evidence does not support the conclusion that the Central District regularly permits the use of a virtual office. For example, TP-Link USA has provided a declaration from Harry Kim, an attorney whose firm leased and maintained an office at 555 West 5th Street, Los Angeles, California 90013. (Declaration of Harry Kim in Support of TP-Link USA's Reply, ¶ 2.) Mr. Kim's firm did not operate a virtual office at that location, and instead leased physical offices for the firm's attorneys and staff for a period of five years. (Id. ¶ 4.) It is unclear how many of the examples identified by Edelson actually involved the use of a virtual office or, as in the case of Mr. Kim's firm, a bona fide office.

Even more fundamentally, and as is highlighted by the above example, Edelson's arguments are particularly unconvincing because a court considering a pro hac vice application cannot discern from an address alone what type of office an attorney is operating from. Instead, the Court relies on the representations contained in the application that the designated local counsel maintains an office in the Central District of California for the practice of law. It follows that a court's approval of a pro hac vice application where local counsel was in fact operating from a virtual office does not represent an endorsement of that practice, unless the use of a virtual office was also disclosed to the Court. In addition, to provide support for the position that Edelson is advocating, the Court would also need to be informed that neither the designated local counsel nor any other employee of his firm worked or spent any considerable time in the Central District. (See Logan Decl. ¶ 6.) There is no evidence before the Court that such a situation has ever arisen.

### 4. Mr. Logan Does Not Satisfy the Requirements for Local Counsel

Finally, above all else, it is abundantly clear that under the facts of the instant case Edelson could not have acted in good faith when it represented to the Court that Mr. Logan could serve as local counsel. Mr. Logan's declaration explains that he lives in Chicago, does not spend time in the Central District, and that neither he nor any other Edelson attorneys or staff operate from the Los Angeles Virtual Office. (Logan Decl. ¶¶ 5-6.) Edelson knew these facts when Mr. Scharg's pro hac vice application was filed. If Mr. Logan could act as proper local counsel under these circumstances, most of the requirements imposed on local counsel by the Local Rules would be a nullity. Under Edelson's interpretation, there need be nothing "local" about local counsel at all; he needs only to have passed the California Bar, established a call and mail forwarding system, and be capable of reserving office space should the need for an in-person meeting arise.[4/] The Local Rules clearly require more.

---

[4/] The Court also questions Edelson's claim that "Edelson PC has openly maintained its virtual office in Los Angeles since January 2014 (and prior to that, a different virtual office in this District since 2010)." (Response, 9 (emphasis added).) The Court notes that Edelson's firm website makes no mention of the Los Angeles Virtual Office, listing only the firm's San Francisco and Chicago offices. (See Docket No. 121-1, Ex. G.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-1044 PA (KKx) | Date | April 19, 2016 |
|---|---|---|---|
| Title | Joe Arroyo v. TP-Link USA Corporation, et al. | | |

Edelson also contends that although TP-Link USA never previously objected to the admission of Edelson attorneys on a pro hac vice basis, "in the five weeks since this case has been transferred, however, TP-Link now purports to have strenuous objections to the admission of the very same counsel." (Response, 1.) However, these new-found objections are perfectly reasonable given that Edelson attorneys arguably satisfied the requirements for pro hac vice admission in the Northern District,[5] but have thus far clearly failed to satisfy the Central District's requirements. Edelson's attempts to distract from the issues central to this OSC, through pointing to perceived shortcomings in TP-Link USA's conduct, is not well taken.

Accordingly, the Court concludes that the Local Rules' requirement that local counsel maintain an office within the Central District requires more than a virtual office.

    **C.    Sanctions**

Under their inherent authority, courts have broad discretion to "fashion an appropriate sanction for conduct which abuses the judicial process." Chambers, 501 U.S. at 44-45, 111 S. Ct. at 2133. Inherent powers sanctions are available "in response to abusive litigation practices . . . and to insure the orderly administration of justice and the integrity of the court's orders." Halaco Eng'g, 843 F.2d at 380 (citations omitted). "As a function of this power, courts can dismiss cases in their entirety, bar witnesses, award attorney's fees and assess fines." F.J. Hanshaw, 244 F.3d at 1136 (citations omitted); see also Fink v. Gomez, 239 F.3d 989, 992 (9th Cir. 2001) ("[T]he district court has the inherent authority to impose sanctions for bad faith, which includes a broad range of willful improper conduct.").

"Before awarding sanctions pursuant to its inherent power, 'the court must make an express finding that the sanctioned party's behavior constituted or was tantamount to bad faith.'" Haeger v. Goodyear Tire & Rubber Co., 733 F.3d 1122, 1132 (9th Cir. 2015) (quoting Leon v. IDX Sys. Corp., 464 F.3d 951, 961 (9th Cir. 2006)). The Ninth Circuit has "found bad faith in a variety of conduct stemming from 'a full range of litigation abuses.'" Id. at 1132-33 (quoting Chambers, 501 U.S. at 46, 111 S. Ct. at 2134). For inherent power sanctions to be proper, "the conduct sanctioned must be due to

---

[5] TP-Link USA's Reply asserts that Edelson's pro hac vice admissions in the Northern District were also deceptive. (Reply, 12.) There, two Edelson attorneys represented to the Court that they worked from Edelson's Chicago office, despite the fact that they had moved to the firm's new San Francisco office in November 2015. The Northern District's Local Rules generally do not allow pro hac vice applicants to reside in California, but provide an exception for attorneys living in California for less than a year and awaiting California Bar examination results. N.D. Cal. Civil L.R. 11-3(b). TP-Link USA further asserts that these Edelson attorneys did not disclose their relocation to San Francisco until March 2016, at which point they qualified for the Local Rule's exception because they had sat for the February 2016 Bar examination. Although this conduct is not the subject of the Court's OSC, if true, it further exemplifies the disregard and willingness to subvert the Local Rule's pro hac vice requirements which are the subject of this OSC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-1044 PA (KKx) | Date | April 19, 2016 |
|---|---|---|---|
| Title | Joe Arroyo v. TP-Link USA Corporation, et al. | | |

'willfulness, fault, or bad faith.'" Anheuser-Busch, Inc. v. Natural Beverage Distribs., 69 F.3d 337, 348 (9th Cir. 1995) (quoting Henry v. Gill Indus., Inc., 983 F.2d 943, 946 (9th Cir. 1993)); see also Evon v. Law Offices of Sidney Mickell, 688 F.3d 1015, 1035 (9th Cir. 2012) ("[A] district court has the inherent power to sanction for: (1) willful violation of a court order; or (2) bad faith. A determination that a party was willfully disobedient is different from a finding that a party acted in bad faith. Either supports the imposition of sanctions."); id. ("[I]t is clear that a 'willful' violation of a court order does not require proof of mental intent such as bad faith or an improper motive, but rather, it is enough that a party acted deliberately."); Unigard Sec. Ins., 982 F.2d at 368 n.2 ("This court has, since Roadway [Express, Inc. v. Piper, 447 U.S. 752, 100 S. Ct. 2455, 65 L. Ed. 2d 488 (1980)], confirmed the power of the district court to sanction under its inherent powers not only for bad faith, but also for willfulness or fault by the offending party.").

Further, Local Rule 83-7 provides that:

> The violation of or failure to conform to any of these Local Rules may subject the offending party or counsel to:
>
> (a) monetary sanctions, if the Court finds that the conduct was willful, grossly negligent, or reckless;
>
> (b) the imposition of costs and attorneys' fees to opposing counsel, if the Court finds that the conduct rises to the level of bad faith and/or a willful disobedience of a court order; and/or
>
> (c) for any of the conduct specified in (a) and (b) above, such other sanctions as the Court may deem appropriate under the circumstances.

L.R. 83-7.

Here, the Court finds that Edelson's conduct rises to the level of bad faith. When Mr. Scharg's pro hac vice application was filed, Edelson knew not only that it did not maintain an office within the Central District, but that its designated local counsel lived in Chicago and did not spend any considerable time in the Central District. Even more egregiously, Edelson understands that the use of a virtual office is nearly undetectable to a court considering a pro hac vice application. Edelson has abused this blind spot for more than six years, securing multiple pro hac vice admissions in flagrant violation of the Court's Local Rules. The Court finds that the appropriate sanction for this abuse of the judicial process is to disqualify Edelson from serving as class counsel for the putative class in this matter.

Additionally, the Court finds that it is proper to award TP-Link USA the attorney's fees it incurred in bringing this matter before the Court. Timothy Fox, one of TP-Link USA's attorneys, declares that his hourly rate is $325 and that he spent 18 hours researching and drafting the Objection

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-1044 PA (KKx) | Date | April 19, 2016 |
|---|---|---|---|
| Title | Joe Arroyo v. TP-Link USA Corporation, et al. | | |

and Reply. (Second Declaration of Timothy Fox in Support of TP-LINK USA's Reply, ¶ 9.) Mr. Fox also declares that additional time was spent on this matter by other attorneys in his firm, but that TP-Link USA does not seek an award of attorney's fees for their time. (Id.) Having reviewed the billing records submitted by Mr. Fox (Id., Ex. G), the Court concludes that he has spent a reasonable amount of time on this matter and seeks compensation at a rate which is consistent with the prevailing rate in the community for an attorney with Mr. Fox's education, skill, and experience. The Court however exercises its discretion to reduce the award by 10% for block billing. See Moreno v. City of Sacramento, 534 F.3d 1106, 1112 (9th Cir. 2008). Accordingly, the Court orders Edelson to pay to TP-Link USA the amount of $5,265.00.

**Conclusion**

Accordingly, Mr. Scharg's pro hac vice application is denied.[6] Furthermore, the Edelson firm is hereby disqualified from representing the putative class in this matter. However, attorneys from Edelson may continue to represent Plaintiff's individual interests, assuming that any counsel not admitted to the California Bar fully complies with the Local Rules governing pro hac vice admissions. Edelson is ordered to pay to TP-Link USA the amount of $5,265.00 by no later than May 13, 2016. By no later than that date, Plaintiff's counsel shall file with the Court a Statement of Compliance establishing, under penalty of perjury, that they have complied with this Order.

IT IS SO ORDERED.

---

[6] Because the Court has concluded that Mr. Scharg's pro hac vice application should be denied, it does not reach the issue of whether Mr. Scharg has been admitted to practice in California courts too frequently to qualify for additional pro hac vice admissions.