**SCHEPER KIM & HARRIS LLP**
RICHARD E. DROOYAN (SBN 65672)
rdrooyan@scheperkim.com
DAVID W. WILLIAMS (SBN 295204)
dwilliams@scheperkim.com
601 West Fifth Street, 12th Floor
Los Angeles, CA 90071-2025
Telephone: (213) 613-4655
Facsimile:  (213) 613-4656

*Attorneys for Edelson PC*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JOE ARROYO, individually and on behalf of all others similarly situated,<br><br><br>Plaintiff,<br><br>vs.<br><br><br><br>TP-LINK USA CORPORATION, a California corporation, and TP-LINK TECHNOLOGIES CO., LTD., a People's Republic of China corporation,<br><br><br>Defendants. | Case No. 2:16-CV-1044-PA (KKx)<br><br>**NOTICE OF MOTION AND MOTION FOR LIMITED RECONSIDERATION OF ORDER RE SANCTIONS**<br><br>*[Filed concurrently herewith: Declaration of Ari J. Scharg; Declaration of Jay Edelson and Declaration of Rafay Balabanian and [Proposed] Order]*<br><br>JUDGE: Hon. Percy Anderson<br><br>Hearing Date:     July 11, 2016<br>Time:                   1:30 p.m.<br>Courtroom:         15 |

**TO THE PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on July 11, 2016, at 1:30 p.m., in the Courtroom of the Hon. Percy Anderson, located at the United States District Courthouse, 312 North Spring Street, Los Angeles, CA 90012, Edelson PC ("Edelson"), the attorneys for Plaintiff Joe Arroyo in his individual capacity, will and hereby does move for limited reconsideration of the Court's Order issued April 20, 2016.  (Docket No. 145.)

This motion is made pursuant to Federal Rule of Civil Procedure 54(b) and Local Rule 7-18, based on new evidence bearing on Edelson's good faith in seeking *pro hac vice* admission in this case.

This motion asks the Court to reconsider *only* its finding that Edelson acted in bad faith while seeking *pro hac vice* admission for one of its attorneys, therefore disqualifying it from representing the putative class.  The motion *does not* challenge (1) the Court's decision that a virtual law office fails to satisfy the requirements of Local Rule 83.2.1.3.4; (2) the denial of Ari J. Scharg's application for *pro hac vice* admission in this case; or (3) the order that Edelson pay Defendants' attorney's fees, which it did last week.  Concurrently herewith, Edelson seeks this Court's permission to withdraw as Mr. Arroyo's counsel and approve the substitution of new counsel to represent him in both his individual and representative capacities, and the putative class he seeks to represent in the operative complaint.

This motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Declarations of Jay Edelson, Rafey S. Balabanian and Ari J. Scharg, and any other matter or argument that the Court may receive at or before the hearing.

This motion is made following telephonic conference with counsel for Defendants TP-Link USA Corporation, pursuant to Local Rule 7-3, which took place on May 9, 2016.  Defendant's counsel stated that they are opposed to the motion.

1   DATED: May 19, 2016          SCHEPER KIM & HARRIS LLP
2                                RICHARD E. DROOYAN
                                 DAVID W. WILLIAMS
3

4                                By:  /s/ Richard E. Drooyan
5                                     Richard E. Drooyan
                                      *Attorneys for Edelson PC*
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# **TABLE OF CONTENTS**

Page

I.      INTRODUCTION .......................................................................................... 1

II.     STATEMENT OF FACTS ............................................................................ 2

III.    ARGUMENT .................................................................................................

        A.     Legal Standard for Reconsideration Under Rule 54(b) ...................... 4

        B.     The Court Should Reconsider Its Finding that Edelson Acted in Bad
               Faith In Applying for *Pro Hac Vice* Admission In This Case ............ 5

IV.     CONCLUSION .............................................................................................. 8

1

# <u>TABLE OF AUTHORITIES</u>

2

3
<u>Page(s)</u>

4
## <u>Federal Cases</u>

5
*Amarel v. Connell*, 102 F.3d 1494 (9th Cir. 1996)....................................................4

6
*Bumpus v. Bosma*, 121 F.3d 714 (9th Cir. 1997) ...................................................8

7
*Carroll v. Nakatani*, 342 F.3d 934 (9th Cir. 2003)...............................................4

8
*Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, (9th Cir. 2000)...................4

9
<u>*Laryngeal Mask Co. v. Ambu A/S*</u>, 2009 WL 9530357, at *2 (S.D. Cal. Mar. 20, 2009)...........................................................................................................7

10
*Reinsdorf v. Skechers U.S.A., Inc.*, 296 F.R.D. 604 (C.D. Cal. 2013) ...................4

11
*Smiley v. Citibank (S. Dakota), N.A.*, 863 F. Supp. 1156 (C.D. Cal. 1993)............8

12
*Tonry v. Security Experts, Inc.*, 20 F.3d 967 (9th Cir. 1994) ................................8

13
*Tyacke v. First Tennessee Bank N.A.*, Case No. 5:16-cv-00228-JGB-SP..............3

14
*Whalen v. BMW of N. Am., Inc.*, 864 F. Supp. 131 (S.D. Cal. 1994).....................8

15

16
## <u>Local Rules</u>

17
S.D. Cal. L.R. 7.1(i)(1) .........................................................................................7

18

19

20

21

22

23

24

25

26

27

28

I.      **INTRODUCTION**

By this Motion for Limited Reconsideration, Edelson PC ("Edelson") asks this Court to reconsider its finding that the firm acted in bad faith in seeking *pro hac vice* admission in this case and should, therefore, be disqualified from representing the putative class.  (Docket 145, April 20, 2016 Order at 4, 8.)  This motion is based upon new evidence not previously available, which bears on Edelson's good faith efforts to comply with the Local Rules of the Central District of California, to ensure that its attorneys are qualified to practice in this District and the State of California in the future, and to protect the interests of the putative class.

It is important to note that Edelson is not challenging the Court's conclusion that a virtual law office fails to satisfy the requirements of Local Rule 83.2.1.3.4 for *pro hac vice* admission in the Central District of California.  Nor is it seeking reconsideration of the denial of Ari J. Scharg's application for *pro hac vice* admission, or the order to pay Defendants' attorney's fees.[1]  Edelson understands and fully accepts the Court's ruling on those issues, but respectfully submits that the finding of bad faith should be vacated based on evidence that was previously unavailable.

As a result of this Court's Order determining that a virtual office does not satisfy the requirements of Rule 83.2.1.3.4 for *pro hac vice* admission in the Central District, Edelson has substituted local counsel with bona fide offices in the other pending cases in this District in which its attorneys have been admitted *pro hac vice.*  Furthermore, three additional Edelson lawyers just passed the February 2016 California bar exam, and Mr. Scharg has registered to take the upcoming California bar in July 2016.  This new information addresses the concern raised by Defense

_____

[1] As stated in Edelson's Notice of Compliance filed on May 13, 2016, Edelson has already paid Defendants' attorney's fees.

Counsel, but not reached by this Court, regarding the frequency with which Edelson attorneys appear in federal and state courts in California.  Finally, to protect the interests of the putative class, Edelson has arranged for new attorneys to substitute in as counsel for Plaintiff Joe Arroyo in both his individual and representative capacities.

Based upon this newly presented evidence, we respectfully ask this Court only to reconsider its finding that Edelson acted in bad faith, therefore disqualifying it from representing the putative class.  This new evidence, coupled with the absence of any previous decision in this District holding that a virtual as opposed to a bona fide office failed to comply with Rule 83.2.1.3.4, warrants reconsideration.

## II.      STATEMENT OF FACTS

On March 18, 2016, Ari J. Scharg, a partner in Edelson's Chicago office, applied for *pro hac vice* admission after this case was transferred to the Central District following fifteen months of litigation in the Northern District of California. (Docket No. 119.)  In an effort to satisfy the requirements of Local Rule 83.2.1.3.4, Mr. Scharg designated Todd Logan, an Edelson associate who is admitted to practice in California, as local counsel relying upon a virtual office rather than a bona fide office in this District.  (Docket No. 145, April 20 Order at 2-3.)

After reviewing Edelson's Response to the Court's Order to Show Cause, (Docket No. 126, March 24, 2016), and the requirements of the Local Rules, the Court concluded "that the Local Rules' requirement that local counsel maintain an office within the Central District of California requires more than a virtual office." (April 20 Order at 7.)  The Court ultimately found that Edelson's "conduct rises to the level of bad faith," (*id.,* at 8), and it denied Mr. Scharg's *pro hac vice* application, ordered Edelson to pay Defendants' attorney's fees, and disqualified

1 | Edelson from representing the putative class in this matter.[2]  (*Id.* at 9.)

2 |       Based upon this Court's finding that a virtual office does not satisfy the

3 | requirements of the Local Rules, Edelson has sought out new counsel to substitute

4 | as local counsel with a bona fide, physical office in this District for all firm

5 | attorneys appearing (or who intend to appear) *pro hac vice* in any other action

6 | pending in this District.[3]  (*See* Balabanian Decl. ¶ 2.)  Furthermore, three additional

7 | Edelson's attorneys have now passed the California bar, including the Firm's

8 | managing partner, Rafey Balabanian.  And Mr. Scharg has registered to take the

9 | California bar exam this coming July to address the concerns regarding the

10 | frequency with which Mr. Scharg appears in California on a *pro hac vice* basis.

11 | (Balabanian Decl. ¶ 4; Scharg Decl. ¶ 4.)

12 |       Finally, Edelson has solicited experienced class action counsel to represent

13 | the interests of the putative class in this matter.  (*See* Balabanian Decl. ¶ 3.)  With

14 | the consent of Mr. Arroyo, Edelson is concurrently seeking leave of this Court to

15 | withdraw from the case and to substitute John Courtney, of the law firm

16 | Girardi | Keese, as local counsel, and David Senoff, of the law firm Anapol Weiss,

17 | as counsel for Mr. Arroyo in both his individual and representative capacity on

18 | behalf of the putative class in this case.  (*See* Balabanian Decl. ¶ 3; Docket No. 149,

---

[2] Although the Court disqualified Edelson from representing the putative class in this case, it allowed the Firm to continue to represent Mr. Arroyo in his individual capacity.  Nevertheless, Edelson seeks to withdraw as counsel for Arroyo individually as well, because it believes that Mr. Arroyo's interests as both an individual and a class representative, and the interests of the class (if certification is granted), are best served by a new firm that can represent all of those interests.

[3] John Courtney, of Girardi | Keese, has agreed to serve as local counsel for the Firm in those other cases. *See, e.g., Tyacke v. First Tennessee Bank N.A.*, Case No. 5:16-cv-00228-JGB-SP (Docket No. 33, Courtney Pro Hac Vice Application). Mr. Courtney maintains a bona fide office at 1126 Wilshire Boulevard, in Los Angeles.

MOTION FOR LIMITED RECONSIDERATION

Request for Approval of Substitution of Counsel.)  If the Court grants the Request for Approval of Substitution of Counsel, Mr. Senoff will move to appear *pro hac vice*, designating Mr. Courtney as his local counsel.  And if the Court grants that substitution request, Edelson will have no further involvement in this case.

## III.   ARGUMENT

### A.   Legal Standard for Reconsideration Under Rule 54(b)

"A district court is authorized to reconsider its decisions pursuant to both the Federal Rules of Civil Procedure and its inherent powers."  *Reinsdorf v. Skechers U.S.A., Inc.*, 296 F.R.D. 604, 614 (C.D. Cal. 2013) (*citing* Fed. R. Civ. P. 54(b) *and Amarel v. Connell*, 102 F.3d 1494, 1515 (9th Cir. 1996)).  Under this District's Local Rules, a motion to reconsider may be brought if the moving party demonstrates "the emergence of new material facts . . . occurring after the time of such decision."  C.D. Cal. L.R. 7-18(b).

We acknowledge that reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources."  *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted).  Further, it "may not be used to raise arguments or present evidence for the first time when they reasonably could have been raised earlier in the litigation."  *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).  In this case, we respectfully ask the Court to reconsider its bad faith finding based upon new evidence, which could not have been presented earlier, regarding the steps Edelson has taken to adhere to this Court's determination that Local Rule 83.-2.1.3.2 "requires more than a virtual office" in other pending cases, to ensure that Edelson attorneys are qualified to appear in California in future cases, including in the Central District, and to protect the interests of the putative class in this case.[4]

---

[4] The Edelson Firm has also paid the Defendants' attorney's fees, as ordered (footnote continued)

## B.     <u>The Court Should Reconsider Its Finding that Edelson Acted in Bad Faith In Applying for *Pro Hac Vice* Admission In This Case</u>

Edelson fully accepts the Court's determination that a virtual office does not meet the requirements of Local Rule 83-2.1.3.4.  Indeed, Mr. Scharg and the Firm apologize to the Court for their error in judgment in relying upon a virtual office to meet their local counsel requirements.  (Scharg Decl. ¶¶ 2-3; Edelson Decl. ¶¶ 2-3.) While there were no cases in this District precluding the use of a virtual office under the Local Rules, Edelson recognizes that it should have sought this Court's approval for the use of a virtual office in its application for *pro hac vice* admission.  To correct this error in other cases, Edelson promptly associated new local counsel with bona fide offices in this District for all Firm attorneys appearing *pro hac vice* in any other action.[5]

Edelson did not intend to circumvent the Local Rules concerning local counsel or deceive the Court.  Because Mr. Logan was a member of the California bar, Edelson mistakenly believed he could serve as local counsel with a virtual office in which mail addressed to the firm was forwarded to him, phone calls were automatically transferred to him, and an office was available if needed for a face-to-face meeting in this District.  We recognize the Court found that Edelson "could not have acted in good faith" because Mr. Logan resided in California and did not spend time in the Central District.  (April 20 Order, p. 6.)  We submit, however, Mr.

---

by this Court.  Because payment of these fees merely complies with the Court's order, we do not present it as new evidence upon which a motion for reconsideration can be based.

[5] One other Edelson partner, Eve-Lynn Rapp, recently filed an appearance in the case of *In re Vizio*, which was transferred to this District by the Judicial Panel on Multidistrict Litigation under case number 16-ml-02693 (JLS) (KESx) (C.D. Cal.). In that case, the Firm has not associated local counsel, since that requirement was waived by the transferee court in this District.

1  Logan's residence would not have been material if Local Rule 83-2.1.3.4, as

2  interpreted by Edelson, permitted local counsel to have a virtual office.  That is

3  because Mr. Logan was a member of the California bar and admitted to practice in

4  the Central District of California.  Nevertheless, once the Court made clear that the

5  local office requirement of Rule 83-2.1.3.4 could not be met using a virtual office,

6  Edelson acted promptly to ensure compliance with the Local Rule in its other cases

7  in this District by substituting local counsel with bona fide offices in the District.

8  (Balabanian Decl. ¶ 2.)

9      Edelson has also taken steps to address the concerns raised by Defendant's

10  counsel, but not reached by this Court, that its attorneys might be practicing *pro hac*

11  *vice* too frequently in this District.  In arguing that Mr. Scharg's *pro hac vice*

12  petition should be rejected, Defendants' attorneys noted that Mr. Scharg has

13  appeared in the Central District on a number of occasions over the past several

14  years, and that *pro hac vice* admission should not be granted repeatedly.  (*See*

15  Docket No. 143, Reply in Opposition to Admission at 6-9.)  Addressing this

16  concern, three additional Edelson's attorneys have now passed the California bar,

17  including the Firm's managing partner, Rafey Balabanian.  And Mr. Scharg has

18  registered to take the California bar exam this July.  Thus, these Edelson attorneys

19  (subject to Mr. Scharg passing the exam) will be able to appear as members of the

20  Bar of this Court in any future cases filed in California.  (Scharg Decl. ¶ 4; Edelson

21  Decl. ¶ 4.)

22      Finally, the Firm has secured replacement counsel for Mr. Arroyo and the

23  putative class in this matter.  (Balabanian Decl. ¶ 3.)  Although the Court's April 20

24  Order allows Edelson to continue to represent Mr. Arroyo in his individual capacity

25  in compliance with the Local Rules, and the Firm respectfully asks this Court to

26  vacate the disqualification sanction (which results from the bad faith finding), it has

27  recognized that the interests of both Mr. Arroyo and the putative class would be best

28  served by a new firm that can effectively represent them both in this case.

1  Accordingly Edelson has secured replacement counsel and will, with leave of the

2  Court, withdraw as counsel so that the new firm can represent Mr. Arroyo in both

3  his individual and representative capacities.

4      Of course, none of these new developments touch on the underlying

5  determination in the Court's April 20 Order that a virtual office is insufficient to

6  meet the local office requirement, which Edelson does not challenge.  We offer this

7  new evidence as bearing solely on Edelson's good faith in complying with this

8  District's Local Rules and the Court's determinations.  It is certainly true, as the

9  Court observed, that Edelson knew that its local counsel's only office was a virtual

10  office; however, in the absence of any decision by a court in this District to the

11  contrary, Edelson did not act with the knowledge it now has that such an office is

12  not allowed under the Local Rules.  (April 20 Order at 8.)  Edelson asks that the

13  Court consider the Firm's prompt response to correct this deficiency and comply

14  with Local Rule 83-2.1.3.4 in other cases pending in this District.

15      The new information presented to this Court is similar to the evidence

16  supporting a recent motion for reconsideration of sanctions that was granted by the

17  Court in the Southern District of California.  *See Laryngeal Mask Co. v. Ambu A/S*,

18  2009 WL 9530357, at *2 (S.D. Cal. Mar. 20, 2009).  Like the Central District, the

19  Southern District permits motions for reconsideration based on new evidence.  *Id.* at

20  *1; *see* S.D. Cal. L.R. 7.1(i)(1) (motions for reconsideration must show "what new

21  or different facts and circumstances are claimed to exist which did not exist, or were

22  not shown, upon such prior application").  And like here, the attorney who was

23  sanctioned by the court in *Laryngeal Mask Co.* described his misunderstanding, and

24  how he had acted to correct his error, in his motion for reconsideration.  *Id.*  The

25  court thereafter granted his motion, noting that while "[t]he basis for imposing

26  sanctions remains, . . . in light of the acceptance of responsibility and apology

27  offered, the Court hereby grants Mr. Faigal's plea for mercy and the Motion for

28  Reconsideration."  *Id.* at *2 (internal quotations, citations omitted).

Reconsideration is especially warranted in a case like this one, where no other court had interpreted the local office requirement under Local Rule 83-2.1.3.4 or precluded the use of a virtual office.  (*See* April 20 Order at 4-7.)  As the Ninth Circuit has noted, sanctions are not usually imposed on parties who acted in the absence of guiding authority.  *See, e.g.*, *Tonry v. Security Experts, Inc.*, 20 F.3d 967, 973 (9th Cir. 1994) ("Because the issue is one of first impression, we decline to impose sanctions.") (abrogated on other grounds); *Bumpus v. Bosma*, 121 F.3d 714 (9th Cir. 1997) (table op.) (reversing sanctions "[b]ecause the issue of law was unsettled and there is no evidence that the claim was brought for an improper purpose"); *see also Whalen v. BMW of N. Am., Inc.*, 864 F. Supp. 131, 134 (S.D. Cal. 1994) ("because the issue of the applicability of assumption of risk in a yacht racing context is an unsettled area of law, plaintiff's sanction request is properly denied"); *Smiley v. Citibank (S. Dakota), N.A.*, 863 F. Supp. 1156, 1165 (C.D. Cal. 1993) ("the Court recognizes that the law in this area is unsettled and feels that it would be injudicious and unfair to punish parties for raising novel arguments").

## IV.   CONCLUSION

Edelson acknowledges, and deeply regrets, its errors in judgment in this case. In light of the remedial measures described above, Edelson respectfully asks this Court to exercise its inherent discretion to vacate its bad faith finding and the disqualification sanction based upon that finding.

DATED: May 19, 2016               SCHEPER KIM & HARRIS LLP
                                  RICHARD E. DROOYAN
                                  DAVID W. WILLIAMS


                              By: /s/ Richard E. Drooyan
                                  Richard E. Drooyan
                                  *Attorneys for Edelson PC*