UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-1044 PA (KKx) | Date | July 25, 2016 |
|---|---|---|---|
| Title | Joe Arroyo v. TP-Link USA Corporation, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes Kerr | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS – COURT ORDER

Before the Court are two motions filed by defendant TP-Link USA Corporation ("TP-Link USA" or "Defendant"). The first is a Motion to Strike Class Allegations from the Second Amended Complaint. (Docket No. 159.) The second is a Motion to Dismiss Plaintiff's Second Amended Complaint. (Docket No. 160.) Plaintiff Joe Arroyo ("Plaintiff") has filed Oppositions to both Motions. (Docket Nos. 173, 174.) Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds these matters appropriate for decision without oral argument. The hearings calendared for July 25, 2016 are vacated, and the matters taken off calendar.

**I.    Background**

Plaintiff is a resident of Florida. (SAC ¶ 7.) TP-Link USA is a global developer, manufacturer, and distributor of computer networking adapters, including a series of "PowerLine Adapters" which use the electrical power lines in a consumer's home to create a local area computer network. (Id. ¶¶ 21, 31-32.) On December 24, 2012, Plaintiff purchased a TP-Link AV500 PowerLine Adapter, model number TL-PA511KIT, for $71.99, through online retailer Newegg.com. (Id. ¶¶ 55-56.) Both the Newegg.com webpage selling the TL-PA511KIT and the product's packaging included representations that the product could operate at speeds of up to 500 Megabits per second ("Mbps"). (Id. ¶¶ 56-57.) However, Plaintiff asserts that the TL-PA511KIT he purchased did not perform as advertised because it could not reach speeds above 100 Mbps. (Id. ¶ 58.)

Plaintiff filed his initial Complaint on November 12, 2014, in the Northern District of California. (Docket No. 1.) On February 11, 2016, the Northern District court granted TP-Link USA's Motion to Transfer Venue. (Docket No. 93.) The case was then transferred to the Central District and assigned to this Court on February 16, 2016. (Docket No. 95.)

Presently before the Court are two motions filed by TP-Link USA. The first seeks to strike the class allegations from the Second Amended Complaint, while the second seeks to have Plaintiff's claims dismissed under Federal Rule of Civil Procedure 12(b)(1).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-1044 PA (KKx) | Date | July 25, 2016 |
|---|---|---|---|
| Title | Joe Arroyo v. TP-Link USA Corporation, et al. | | |

**II.     Motion to Strike Class Allegations**

Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial."  Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983).  Matter is "immaterial" where it has "no essential or important relationship to the claim for relief . . . being pleaded."  Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517, 114 S. Ct. 1023, 127 L. Ed. 2d 455 (1994).  The court must view the facts in the light most favorable to the non-moving party.  Bank Tejarat v. Varsho-Saz, 723 F. Supp. 516, 517 (C.D. Cal. 1989).

Local Rule 23-3 provides that "[w]ithin 90 days after service of a pleading purporting to commence a class action . . . the proponent of the class shall file a motion for certification that the action is maintainable as a class action, unless otherwise ordered by the Court."  L.R. 23-3.  "Local rules are 'laws of the United States,'" and are "valid if . . . 'not inconsistent' with the Federal Rules of Civil Procedure.'"  Marshall v. Gates, 44 F.3d 722, 724 (9th Cir. 1995) (quoting United States v. Hvass, 355 U.S. 570, 575, 78 S. Ct. 501, 504, 2 L. Ed. 2d 496 (1958) and Fed. R. Civ. P. 83); see also United States v. Comprehensive Drug Testing, Inc., 473 F.3d 915, 927 (9th Cir. 2006).

This matter was transferred to the Central District of California on February 11, 2016, and assigned to this Court on February 16, 2016.  (Docket Nos. 93, 95.)  Therefore, pursuant to Local Rule 23-3, Plaintiff's motion for class certification should have been filed by no later than May 16, 2016.  Plaintiff neither filed a motion for class certification by that date nor sought leave from the Court to extend the Local Rule 23-3 deadline.  Plaintiff advances two justifications for why he has not filed a motion for class certification within the time prescribed by Local Rule 23-3.  However, as explained below, neither argument has merit.

**A.     The Court's Scheduling Order Did Not Alter the Local Rule 23-3 Deadline.**

First, Plaintiff contends that he is in compliance with Local Rule 23-3 because the Court's Scheduling Order extended the Local Rule 23-3 certification motion deadline to October 27, 2016, the motion cut-off date.  Plaintiff relies heavily on representations made in the parties' Joint 26(f) Report (Docket No. 112) relating to Plaintiff's intent to a file a motion for class certification, as evidence that the Scheduling Order's motion cut-off date also extended the Local Rule 23-3 deadline to file a motion for class certification.

This argument borders on frivolity.  The Court's Scheduling Order establishes an outermost date by which any motion must be noticed for hearing.  In establishing this date, the Schedule Order did not, and could not be reasonably interpreted to have, altered the Local Rule 23-3 deadline for filing a motion for class certification.  Plaintiff's reliance on the Joint 26(f) Report's representations regarding

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-1044 PA (KKx) | Date | July 25, 2016 |
|---|---|---|---|
| Title | Joe Arroyo v. TP-Link USA Corporation, et al. | | |

Plaintiff's intent to file a class certification motion is unpersuasive because the Joint 26(f) Report was filed on March 14, 2016 – leaving Plaintiff ample time to either comply with Local Rule 23-3's 90-day deadline or seek relief from the Court. The Court's Scheduling Order therefore neither explicitly nor implicitly altered the deadline imposed by Local Rule 23-3.

Plaintiff also seeks to bolster his argument by pointing to the Court's order scheduling the meeting of counsel, which requires the parties' Joint 26(f) Report to include "a listing and proposed schedule of law and motion matters, and a proposed dispositive motion cut-off date." (Docket No. 102 at 2.) Plaintiff cites three Eastern District of California cases (Opp'n, 13 n.8) for the proposition that a motion for class certification is a dispositive motion, and therefore contends that the motion cut-off date alters the deadline by which a timely motion for class certification had to be filed. However, "the vast majority of other courts within this circuit" treat class certification motions as non-dispositive. In re High-Tech Emple. Antitrust Litig., 2013 U.S. Dist. LEXIS 6606, at *8 n.1 (N.D. Cal. Jan. 15, 2013) (collecting cases). This Court agrees that a class certification motion is non-dispositive because even the denial of a class certification motion cannot terminate a case.[1/] Therefore, the parties' proposed dispositive motion cut-off date was not applicable to a motion for class certification, and did not extend the Local Rule 23-3 deadline.

A useful contrast to the present case is Pitts v. Terrible Herbst, Inc., 653 F.3d 1081, 1093 (9th Cir. 2011). There, the Ninth Circuit held:

> Unlike the local rules of some district courts, the local rules of the District of Nevada [,where plaintiff had filed his case,] do not impose a particular deadline for filing a motion for class certification. Nor did the scheduling order entered by the district court refer to any deadline for filing such a motion. In fact, the scheduling order contemplated that a class certification motion could be filed even after the initial discovery deadline; it states that "[d]ispositive motions shall be filed no later [than] 60 days after the end of discovery unless a motion for class action certification is made ... during such time." . . . Under these

---

[1/]   Courts which have reached the opposite conclusion appear to have misinterpreted language in the Advisory Committee Notes to Federal Rule of Civil Procedure 23, stating: "Permission to appeal . . . is most likely to be granted when . . . as a practical matter, the decision on certification is likely dispositive of the litigation." Fed. R. Civ. P. 23(f), Advisory Committee Notes, 1998 Amendment. However, this language reflects the "practical" consideration that, in certain situations, "denial of class status effectively ends the case (because, say, the named plaintiff's claim is not of a sufficient magnitude to warrant the costs of stand-alone litigation)." Prado-Steiman ex rel. Prado v. Bush, 221 F.3d 1266, 1272 (11th Cir. 2000). Thus, a class certification motion can only "effectively end the case" from the perspective of a plaintiff's economic incentive to continue litigation, and is therefore not dispositive.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-1044 PA (KKx) | Date | July 25, 2016 |
|---|---|---|---|
| Title | Joe Arroyo v. TP-Link USA Corporation, et al. | | |

> circumstances—where the court had extended the initial discovery deadline at the time of its ruling, where a motion to compel the production of documents allegedly crucial to the class certification decision had been filed well in advance of the initial discovery deadline and was still pending, where neither the local rules nor the court's own scheduling order imposed a deadline for seeking class certification, and where the scheduling order actually suggested that a motion for class certification could be filed even after the end of discovery—the district court abused its discretion in finding that Pitts could no longer file a timely motion to certify a class.

Pitts, 653 F.3d at 1093.

This case is distinguishable from Pitts. Here, the Central District's Local Rules clearly and unambiguously impose a deadline for seeking class certification, no motion to compel production or for relief from Local Rule 23-3 has ever been filed, and nothing in the Court's Scheduling Order explicitly or implicitly addressed the timing of a class certification motion. Therefore, unlike the plaintiff in Pitts, Plaintiff has no excuse for failing to file a timely motion for class certification.

In sum, the Court's Scheduling Order did not alter the timing requirements of Local Rule 23-3. To accomplish that result, Plaintiff would have needed to file a Motion for Relief from Local Rule 23-3. See, e.g., Parker v. FedEx Nat. LTL, Inc., No. CV 11-638 DSF (FFMx), 2011 WL 11671754 (C.D. Cal. Apr. 11, 2011). Plaintiff did not file such a motion, or demonstrate the good cause necessary for the Court to grant such relief, and has therefore violated Local Rule 23-3 by not filing a motion for class certification despite the fact that this case has been pending in the Central District for more than 90 days.

### B. Local Rule 23-3 is Valid.

Second, Plaintiff contends that "recent developments have called into question the validity of the wooden and rigid enforcement of Local Rule 23-3's 90 day deadline to file a motion for class certification." (Opp'n, 20.) The "recent development" to which Plaintiff alludes is the Ninth Circuit's unpublished memorandum disposition in Balser v. Hain Celestial Grp., Inc., 2016 WL 696507, at *2 (9th Cir. Feb. 22, 2016). There, in dicta, the Ninth Circuit noted:

> Plaintiffs also argue that the district court abused its discretion by denying them precertification discovery. We note that the schedule contemplated by Central District of California Local Rule 23–3, when considered alongside federal rules regarding status conferences and the timing of discovery, is quite unrealistic in light of recent case law regarding the need to establish a sufficient factual record at the class certification stage.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-1044 PA (KKx) | Date | July 25, 2016 |
|---|---|---|---|
| Title | Joe Arroyo v. TP-Link USA Corporation, et al. | | |

*See Wal–Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 131 S.Ct. 2541, 2551, 180 L.Ed.2d 374 (2011); *see also* Barbara J. Rothstein & Thomas E. Willging, Federal Judicial Center, *Managing Class Action Litigation: A Pocket Guide for Judges* 9 (3d ed. 2010) (noting that local rules calling for specific time limits on class certification should be ignored as inconsistent with federal rules and obsolete).

Balser, 2016 WL 696507, at *2.

However, Balser is completely inapposite to this case. Balser held that a district court's effective denial of a motion for precertification discovery was an abuse of discretion. Id. In the present case, there hasn't been a motion for precertification discovery or a motion requesting leave to extend the Local Rule 23-3 deadline while precertification discovery is conducted. Nor does the record demonstrate a need for such requests because Plaintiff conducted significant precertification discovery. (See Motion to Strike, 14; Declaration of Timothy Fox in Support of TP-Link USA's Motion to Strike, ¶ 3 (declaring that Plaintiff has served 53 requests for production, 15 interrogatories, 72 requests for admission, and noticed six depositions of TP-Link USA employees).) Whatever merit criticisms of Local Rule 23-3 may have in the abstract, the facts of the present case demonstrably show that Plaintiff failed to file a class certification motion at an early practicable time, as is required under both Federal Rule of Civil Procedure 23 and Local Rule 23-3.

More significantly, Local Rules are laws of the United States and are valid if not inconsistent with the Federal Rules of Civil Procedure. Marshall, 44 F.3d at 724. By its terms, Local Rule 23-3 permits the district court to set a different deadline that is both "early" and "practicable" in a manner that is consistent with Federal Rule of Civil Procedure 23. Therefore, because Local Rule 23-3 is not inconsistent with the Federal Rules of Civil Procedure, it is valid. See id.; see also Parker, 2011 WL 11671754 at *9 (citing Watson v. Schwarzenegger, 347 Fed. Appx. 282, 284-85 (9th Cir. 2009)).[2]

Based on this logic, the Ninth Circuit has consistently upheld the validity of Local Rule 23-3 and dismissed challenges to the rule as meritless. Perez v. Safelite Grp. Inc., 553 F. App'x 667, 668-69 (9th Cir. 2014) ("[P]laintiff's challenge to Central District of California Local Rule 23-3 is without merit . . . ."); Archila v. KFC U.S. Properties, Inc., 420 F. App'x 667, 668 (9th Cir. 2011) ("[Plaintiff's]

---

[2] Plaintiff also asserts that there is a "tension" between Federal Rules of Civil Procedure 12(f) and 23, and Local Rule 23-3. However, no tension exists because courts in the Central District routinely grant motions to strike class allegations for failure to comply with Local Rule 23-3 pursuant to either Federal Rule. See Klune v. Ashley Furniture Indus., 2014 U.S. Dist. LEXIS 185192 at *5 - *6 (C.D. Cal. Oct. 27, 2014) (striking class allegations pursuant to Local Rule 23-3 and Federal Rule of Civil Procedure 12(f)); Fournier v. Creditors Interchange Receivable Mgmt., LLC, 2011 U.S. Dist. LEXIS 32303 at *1 - *2 (C.D. Cal. 2011) (striking class allegations pursuant to Local Rule 23-3 and Federal Rule of Civil Procedure 23). Rules 12(f) and 23 thus operate in harmony with Local Rule 23-3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-1044 PA (KKx) | Date | July 25, 2016 |
|---|---|---|---|
| Title | Joe Arroyo v. TP-Link USA Corporation, et al. | | |

arguments that the [Local Rule 23-3] 90-day deadline violates his due process rights and conflict with the Federal Rules of Civil Procedure have no merit."). Accordingly, the Court finds that Local Rule 23-3 is valid and enforceable, and Plaintiff's challenge to its validity is meritless.

### Conclusion

Because Plaintiff failed to comply with Local Rule 23-3's ninety-day time limit for filing motions for class certification, the Court strikes the class allegations in Plaintiff's Second Amended Complaint. See Watson, 347 Fed. Appx. at 284-85 (affirming district court's enforcement of Local Rule 23-3); Main v. Elec. Data Sys. Corp., 168 F.R.D. 573, 577 (N.D. Tex. 1996) (striking class allegations for failing to comply with local rules' requirement that such motions be filed within ninety days of filing of complaint); see also Burkhalter v. Montgomery Ward & Co., 676 F.2d 291, 294 (8th Cir. 1982) (affirming district court's striking of class allegations because of plaintiff's failure to comply with court order setting deadline for filing of motion for class certification); Reichman v. Bureau of Affirmative Action, 536 F. Supp. 1149, 1168-69 (M.D. Penn. 1982) (denying motion for class certification because plaintiff failed to comply with local rules' requirement that such motions be filed within ninety days of filing of complaint); Coffin v. Sec'y of Health, Educ. & Welfare, 400 F. Supp. 953, 957 (D.D.C. 1975) (same).

**III.    Motion to Dismiss**

TP-Link USA's second motion requests that the Court dismiss the Second Amended Complaint, with prejudice and in its entirety, for a lack of standing. The Motion contends that because TP-Link USA tendered a refund check for the full $71.99 purchase price of Plaintiff's PowerLine Adapter, Plaintiff lacks standing to assert a claim under the Consumer Legal Remedies Act ("CLRA"). TP-Link USA essentially asserts that it has offered relief which moots Plaintiff's claims. See GCB Commc'ns, Inc. v. U.S. S. Commc'ns, Inc., 650 F.3d 1257, 1267 (9th Cir. 2011) (holding that a claim becomes moot where "an opposing party has agreed to everything the other party has demanded").

As an initial matter, the Court is unable to discern how Plaintiff's purported lack of standing under the CLRA would require the dismissal of the entire Second Amended Complaint, which contains five other claims. More importantly, the Second Amended Complaint requests compensatory, statutory, and punitive damages, as well as pre- and post-judgment interest and attorney's fees and costs. (Prayer for Relief ¶¶ C-E.) In its Motion, TP-Link USA does not present evidence that it has agreed to provide Plaintiff all of his requested relief. Instead, TP-Link USA only contends that refunding the PowerLine Adapter's purchase price constitutes an adequate compensatory remedy under the CLRA. Based on the evidence before the Court, TP-Link USA has not established that it has "agreed to everything the other

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-1044 PA (KKx) | Date | July 25, 2016 |
|---|---|---|---|
| Title | Joe Arroyo v. TP-Link USA Corporation, et al. | | |

party has demanded," GCB, 650 F.3d at 1267, and therefore TP-Link USA's Motion to Dismiss must be denied.[3]

**Conclusion**

Based on the foregoing, TP-Link USA's Motion to Strike Class Allegations is granted, and its Motion to Dismiss is denied. The class allegations in the Second Amended Complaint are hereby stricken.

IT IS SO ORDERED.

---

[3] Having struck the class allegations from the Second Amended Complaint, the Court finds it unnecessary to reach the portion of TP-Link USA's Motion to Dismiss dealing with products which Plaintiff has not purchased.